POTTER HANDY, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162; Fax (760) 480-4170
mark@potterhandy.com

Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| BRYAN WHITE; RICHARD RYAN WHITE<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; and DOES 1-20;<br><br>Defendants. | Case No.: 09-cv-01807-JLS-JMA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER;**<br><br>**(1) TRUTH IN LENDING ACT;**<br>**(2) PERATA MORTGAGE RELIEF ACT**<br>**(3) UNFAIR COMPETITION LAW;**<br>**(4) QUIET TITLE ACTION**<br><br>**DEMAND FOR JURY** |

## I. PRELIMINARY STATEMENT

1.  This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601 (hereinafter called ''TILA'') to enforce the plaintiffs' right to rescind a consumer credit transaction, and to void the Defendant's security interest in the Plaintiffs' home. Additionally, because the Defendants have initiated non-judicial foreclosure proceedings and a trustee sale is pending, the plaintiffs allege, defensively, a number of violations and seek to recover statutory damages, reasonable attorney's fees and costs by reason of the Defendant's violations of TILA and Regulation Z, 12 C.F.R. § 226 (hereinafter called ''Regulation Z'').

First Amended Complaint

## II.  RELEVANT FACTS

2. Plaintiffs are the successors in interest to their mother, Lydia White was the owner of a single family residence, located at and numbered 1840 Blue Bonnet Place, Encinitas, California.  Said real property, hereinafter "PROPERTY", is the subject of this suit and all claims made herein are based upon the purchase and ownership of said PROPERTY in the names of the Plaintiffs. Lydia White died in November of 2008.

3. In August of 2006, Lydia White refinanced her home that she had owned for decades.  WMC Mortgage originated the loan but it was sold and is now owned by Defendant Deutsche Bank National Trust Company.  The loan is currently being serviced by HomEq Servicing.  Lydia White never missed a payment until she died in November of 2008.

4. Lydia White died intestate.  She outlived her husband and she only has two children:  Plaintiffs Bryan and Richard White.  The plaintiffs were only just noticed about the serious delinquency and pending foreclosure sale.  The PROPERTY has over one hundred thousand dollars in equity and the plaintiffs have contacted the HomEq trying to stop the foreclosure sale and work out a deal to handle the arrearages.  Unfortunately, until the property is probated and the plaintiffs can have title transferred to their name, they are not "authorized" according to HomEq to discuss or negotiate the obligations on the PROPERTY.

5. The plaintiff's contacted the law firm of Potter Handy on June 26, 2009 and presented their plight.  A review of the loan documents demonstrated a very high, subprime adjustable rate mortgage chock full of Truth in Lending Act violations.  In fact, because of some of the serious TILA violations, there is an extended (3-year) right to rescind the note.  On June 29, 2009, the plaintiffs rescinded the note by certified letter.

6. Additionally, and perhaps more strikingly, neither the Notice of Default (filed in early March of 2009) nor the Notice of Sale (filed early June of 2009)

First Amended Complaint

-3-

contained the Declaration of Compliance required by the Perata Mortgage Relief Act. In other words, the defendant has not met and conferred with the plaintiffs to assess options to avoid foreclosure or filed a declaration that they attempted to do so and were unable to. This is a clear violation of a statutory obligation and the defendants do not have the legal right to foreclose.

7. Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the PROPERTY, or their relative responsibilities in causing the violations of law herein complained of, and allege a joint venture and common enterprise by all such Defendants. Plaintiffs are informed and believe that each of the Defendants herein, including DOES 1 through 20, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 20, inclusive, are ascertained.

8. At all times relevant hereto, the Defendants, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments. Plaintiffs allege that the Defendants are also assignees of the original creditors.

## I. FIRST CAUSE OF ACTION
## TRUTH IN LENDING ACT

9. The allegations contained in all previous paragraphs are realleged and incorporated herein by reference.

10. On or about August of 2006, Lydia White entered into a consumer credit transaction (hereinafter ''the transaction'') with Defendants or their predecessors in interest in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendants or their predecessors in interest.

-3-

First Amended Complaint

11.     As part of these consumer credit transactions, the Defendants retained a security interest in the PROPERTY, which was Lydia White's home. The security interest was not created to finance the acquisition or initial construction of that home.

12.     This consumer credit transaction was subject to the right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

13.     In the course of this consumer credit transaction, Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) by understating the amount financed, the finance charge and inaccurately disclosing the Annual Percentage Rate.  This resulted in an extended three year right to rescind the transaction.

14.     On June 29, 2009, the Whites rescinded the transaction by sending to the Defendants, postage prepaid, certified mail, return receipt requested, the notice of rescission.  The notes are automatically rescinded, the security interest is terminated and the Defendants are required to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).  The plaintiffs offered to engage in mutual tender but the defendant refused to discuss or explore the matter.  Plaintiffs seek to enforce their rescission rights as well as for actual damages, statutory damages, attorney's fees and costs.

15.     Additionally, because the Defendants have initiated an action to collect a debt as contemplated by the TILA savings clause, (15 U.S.C. § 1640(e)), thus, the plaintiff raises TILA disclosure violations by way of recoupment.

## II.  SECOND CAUSE OF ACTION
### PERATA MORTGAGE RELIEF ACT (California Civil Code § 2923.5)

16.     The allegations contained in all previously numbered paragraphs are realleged and incorporated herein by reference.

17.     The loan transaction that is the subject of this complaint was executed in

First Amended Complaint

August of 2006.  Both the notice of default and the notice of trustee sale were recorded after September 6, 2008.

18. California Civil Code section 2923.5, passed on July 8, 2008 and made effective on September 6, 2008, states that it is the public policy of the State of California to mitigate the detrimental effects of the current foreclosure crises in this state. The statute requires all lenders and servicers with loans originated in the State of California, such as the subject loan here, to make good faith efforts to explore alternatives to the drastic remedy of foreclosure, such as loan modifications, prior to the right to take any action to foreclose on a loan.

19. Defendants failed and refused to explore such alternatives with the Whites and instead are moving forward with its efforts to foreclose at the earliest possible opportunity. The failure and refusal of the Defendants to comply with the statutory pre-requisites negates its legal right to foreclose on the subject property.  The acts and omissions of the Defendants in violation of this Statute have caused economic injury and severe emotional distress to the Plaintiff.

20. The defendant filed a Notice of Default with a declaration of compliance that is false.

21. As a direct and proximate result of the alleged violations, Plaintiff was and continues to be damaged in an amount according to proof but not yet fully ascertained, including, without limitation, statutory damages, consequential damages and all amounts paid in connection with the transaction.

### III.  THIRD CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES ACT

22. The allegations contained in all previously numbered paragraphs are realleged and incorporated herein by reference.

23. The Defendants violated the Truth in Lending Act, the Perata Mortgage Relief Act, and a variety of other California codes and statutes including those alleged

-5-

First Amended Complaint

above.

24. Defendants' acts and omissions alleged herein are a violation of both statutory requirements and public policy and, therefore, constitute a violation of Business and Professions Code sections 17200 et seq.

25. Plaintiff seeks restitution and injunctive relief.

## IV. FOURTH CAUSE OF ACTION
## QUIET TITLE (Cal. Civ. P. § 760.010-764.080)

1. The allegations contained in all previously numbered paragraphs are realleged and incorporated herein by reference.

2. The Plaintiffs are the owners of the PROPERTY, are currently in possession of the PROPERTY and are entitled to possession of the PROPERTY.

3. The Defendants claim an adverse interest in the PROPERTY owned by the Plaintiffs, but such claims are without right, the Defendants have no right, title, stake, lien, or interest in the PROPERTY.

4. The property is found in the City of Encinitas, County of San Diego, State of California and its legal description is as follows:

LOT 117 OF COUNTY OF SAN DIEGO TRACT NO. 3625-1, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 9082, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JANUARY 10, 1979. The property is designated as Assessor's Parcel No. 257-321-36-00

5. Plaintiff seeks a determination of its fee simple title in this action as of the date that this complaint is filed.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this court award damages and provide relief as follows:

First Amended Complaint

1. Declare the security interest in Plaintiff's home void;

2. Rescind the transaction identified in the above complaint;

3. Order Defendants to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interests void, including but not limited to the related mortgages or deeds of trust;

5. Order the return to the Plaintiff of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

6. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiff of ownership of that property;

7. A judgment quieting Plaintiff's fee simple title to the real property and that Defendants have no right, title, or interest in or to the real property

7. Award the Plaintiff statutory damages for the disclosure violations, in the amount of twice the finance charge in connection with this transaction, but not less than $200 or more than $2,000 as provided under 15 U.S.C. § 1640(a) for each violation;

8. Award actual damages in an amount to be established at trial;

9. Restitution and disgorgement of all ill gotten gains.

10. Award the Plaintiff costs and a reasonable attorney fee as provided under the statutes alleged above.

11. Award such other and further relief as the Court deems just and proper

Dated: October 6, 2009                                POTTER HANDY, LLP

                                                      By:   /s/ Mark D. Potter
                                                            MARK D. POTTER
                                                            Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

-7-

First Amended Complaint

1 | Plaintiff hereby demands a jury for all claims for which a jury is permitted.

2

3 | Dated: October 6, 2009                    POTTER HANDY, LLP

4

5 |                                           By:   /s/ Mark D. Potter
6 |                                                 MARK D. POTTER
                                                    Attorneys for Plaintiffs

First Amended Complaint

## PROOF OF SERVICE

WHITE V. DEUTSCHE BANK                              Case No.: 09-cv-01807-JLS-LMA

    I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address is 100 East San Marcos Blvd., Suite 400, San Marcos, California, 92069.

    On October 6, 2009 I served the following document(s):

FIRST AMENDED COMPLAINT

Addressed to:
Robert Laurens Driessen, Esq.
rdriessen@houser-law.com
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618

☐   <u>BY MAIL:</u> I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Marcos, California.

☐   <u>BY FACSIMILE:</u> In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐   <u>BY OVERNITE EXPRESS:</u> I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Marcos, California.

☐   <u>BY PERSONAL SERVICE:</u> I caused said documents to be personally served on all listed recipients via Ace Attorney Services.

☑   <u>BY ELECTRONIC MAIL TRANSMISSION:</u> via the United States District Court, Southern District of California's CM/ECF system. I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

    Executed on October 6, 2009 from San Marcos, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Lauren Whitehead

PROOF OF SERVICE