1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   BRYAN WHITE; RICHARD RYAN                    CASE NO. 09 CV 1807 JLS (JMA)
     WHITE,
12                                                **ORDER: (1) GRANTING**
                                    Plaintiff,    **DEFENDANT'S REQUEST FOR**
13            vs.                                 **JUDICIAL NOTICE; (2)**
                                                 **GRANTING DEFENDANT'S**
14                                               **MOTION TO DISMISS**

15   DEUTSCHE BANK NATIONAL TRUST
     COMPANY, et al.,                             (Doc. No. 13)
16
                                    Defendant.

17

18          Presently before the Court is Deutsche Bank National Trust Company's ("Defendant") motion

19   to dismiss Plaintiffs' First Amended Complaint ("FAC").  (Doc. No. 13.)  Also before the Court is

20   Plaintiffs' opposition and Defendant's reply.  (Doc. Nos. 14, 15.)  For the reasons below, the Court

21   **HEREBY GRANTS** Defendant's motion to dismiss.  Further, the Court **GRANTS** Defendant's

22   request for judicial notice.

23                                    **BACKGROUND**

24          In August of 2006, Lydia White executed a Deed of Trust to secure a promissory note

25   executed on the same date.  (*See* Doc. No. 1, ¶ 3 ("FAC"); *see also* Doc. No. 13-2, Request for

26   Judicial Notice[1] ("RJN"), Ex. 1.)  The Deed of Trust encumbers Lydia White's residence located

27   _____

28          [1]  Defendant requests that the Court take judicial notice of several documents relating to the
     loan transaction.  (*See* Doc. No. 13-2, Exs. 1-4.)  "A district court ruling on a motion to dismiss may
     consider documents whose contents are alleged in a complaint and whose authenticity no party

                                        - 1 -                                    09cv1807

1   in Encinitas, California.  (FAC, ¶ 2, 3.)  In November of 2008, Lydia White died intestate.  (*Id.*, ¶

2   4.)

3          On March 6, 2009, a Notice of Default and Election to Sell Under Deed of Trust was

4   recorded.  (*See* RJN, Ex. 2.)  On April 16, 2009, a Substitution of Trustee was recorded.  (*Id.*, Ex.

5   3.)  Finally, on June 12, 2009, Defendants recorded a Notice of Trustees Sale.  (*Id.*, Ex. 4.)

6          Lydia White's two sons, Plaintiffs Bryan and Richard White, commenced this action in

7   state court on June 30, 2009 in San Diego Superior Court.  (Doc. No. 1.)  The action was removed

8   by Defendant to this Court on August 19, 2009.  (*Id.*)  On October 6, 2009, Plaintiffs filed a First

9   Amended Complaint ("FAC").  (Doc. No. 6.)  Defendant subsequently filed the pending motion to

10  dismiss the FAC on April 16, 2010.  (Doc. No. 13.)  Plaintiffs filed an opposition on June 4, 2010

11  and Defendant filed a reply on June 9, 2010.  (Doc. Nos. 14, 15.)  The hearing on the motion set

12  for June 17, 2010 was thereafter vacated and the matter taken under submission without oral

13  argument.

14                              **LEGAL STANDARD**

15         Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that

16  the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a

17  motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and

18  sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain

19  statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

20  require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-

21  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949

22  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a

23  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

24  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

25  ─────────────────────────

26  questions, but which are not physically attached to the plaintiff's pleading."  *Parrino v. FHP, Inc.*, 146
    F.3d 699, 705-06 (9th Cir. 1998) (quotation omitted).  Also, "a district court ruling on a motion to

27  dismiss may consider a document the authenticity of which is not contested, and upon which the
    plaintiff's complaint necessarily relies."  *Id.* at 706.  The complaint in this matter either references or

28  necessarily relies upon each of the documents for which Defendant seeks judicial notice.  The
    authenticity of the documents has not been challenged and Plaintiffs do not oppose the request for
    judicial notice.  Accordingly, the Court grants Defendant's request for judicial notice.

1   *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a

2   complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*,

3   129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

4          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

5   accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*,

6   550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts

7   pled "allow[] the court to draw the reasonable inference that the defendant is liable for the

8   misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must

9   be probable, but there must be "more than a sheer possibility that a defendant has acted

10  unlawfully."  *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible

11  entitlement to relief.  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept

12  as true "legal conclusions" contained in the complaint.  *Id.*  This review requires context-specific

13  analysis involving the Court's "judicial experience and common sense."  *Id.* at 1950 (citation

14  omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere

15  possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is

16  entitled to relief.'"  *Id.*

17         Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court

18  determines that the allegation of other facts consistent with the challenged pleading could not

19  possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

20  1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.

21  1986)).  In other words, where leave to amend would be futile, the Court may deny leave to

22  amend.  *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

23                                              **DISCUSSION**

24  **I.     Constitutional Standing**

25         Defendant asserts in its motion to dismiss that Plaintiffs do not have standing to bring this

26  action.  It is unclear whether Defendant is asserting a lack of constitutional standing or whether

27  Defendant is asserting a lack of standing to bring the individual causes of action.  As such, the

28  Court will address both.

1    Article III, § 2 of the United States Constitution places a case-or-controversy limitation on

2    federal judicial authority which underpins our standing jurisprudence.  *See Friends of the Earth,*

3    *Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 180 (2000).  "[A] plaintiff must demonstrate

4    standing separately for each form of relief sought."  *Id.* at 185.   The United States Supreme Court

5    has set forth three requirements to establish Article III standing under the federal constitution:

6    injury in fact, a causal connection between the injury and Defendants' conduct, and that the injury

7    will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

8    (1992) (internal citations omitted).  Plaintiffs have the burden of establishing standing, and

9    standing "must be supported in the same way as any other manner and degree of evidence required

10   at the successive stages of the litigation."  *Id.*  At the motion to dismiss stage, the Court is

11   constrained by the allegations in the complaint and those matters of which the Court takes judicial

12   notice.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6)

13   motion, a court may generally consider only allegations contained in the pleadings, exhibits

14   attached to the complaint, and matters properly subject to judicial notice.").

15   The Court finds that Plaintiffs have established constitutional standing at this stage in the

16   litigation.  The complaint alleges that Plaintiffs are "the successors in interest to their mother,

17   Lydia White" who was the owner of the subject property and died intestate.  (FAC ¶ 2.)  The

18   complaint also alleges that the property has over one hundred thousand dollars in equity.  (*Id.* ¶ 4.)

19   As such, the Court finds that Plaintiffs have adequately established injury in fact, a causal

20   connection, and redress; specifically, that the equity and property interest in the subject property

21   for which they are allegedly entitled to as successors in interest will be eradicated upon foreclosure

22   by Defendants and rescission of the loan and prevention of foreclosure will redress this situation.

23   (*See id.*; *see also* Opp. to MTD at 2.)

24   Whether Plaintiffs have established standing under the alleged causes of action, however,

25   remains to be determined and is discussed below.

26   **II.    Truth in Lending Act**

27   Plaintiffs' first cause of action is for violation of TILA, 15 U.S.C § 1601 et seq.  Plaintiffs

28   claim they are entitled to rescission of the loan pursuant to 15 U.S.C. § 1635(a) and Regulation Z,

12 C.F.R. § 226.23(b) because Defendants understated the amount financed, the finance charge, and inaccurately disclosed the Annual Percentage Rate.  (FAC ¶ 12, 13.)  Plaintiffs further assert that they "rescinded the transaction by sending to the Defendants . . . the notice of rescission" on June 29, 2009, requiring Defendant to terminate the loan pursuant to 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2.  (*Id.* ¶ 14.)

The Court finds that Plaintiffs have not adequately established standing to pursue a cause of action for violation of TILA.  Plaintiffs are not a party to the loan contract; only Lydia White entered into the loan transaction and was a borrower pursuant to the loan.  There is no allegation in the complaint that credit was extended to Plaintiffs, nor were Plaintiffs the owners of the property encumbered by the loan.   (*See* FAC ¶ 3, 10; *see also* RJN, Ex. 1.)  As such, Plaintiffs are not "obligors" or "consumers" sufficient to establish a right to rescind or for damages under TILA. *See* 15 U.S.C. § 1635(a); *see also Wilson v. JPMorgan Chase Bank, NA*, 2010 WL 2574032, at *6 (E.D. Cal. June 25, 2010) (citing *Johnson v. First Fed. Bank of Cal.*, 2008 WL 2705090, at *5 (N.D. Cal. Jul. 8, 2008)).  The Court finds no authority for the proposition that Plaintiffs who are not a party to the loan may sue Defendants for a violation of TILA.[2]   As such, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' first cause of action for violation of TILA.

**III.     State Law Causes of Action**

In addition to the TILA claim, Plaintiffs allege the following state law causes of action: (1) PERATA Mortgage Relief Act, Cal. Civ. Code § 2923.5, (2) Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 et seq.; and (3) Quiet Title, Cal. Civ. P. § 760.010-764.080.

This action was removed to federal court on the basis of federal question jurisdiction pursuant to Plaintiffs' TILA claim.  (*See* Doc. No. 1.)  The complaint asserts no basis for diversity jurisdiction.  As such, all state law claims are before this Court pursuant to supplemental jurisdiction.  *See* 28 U.S.C. § 1367(a).  "The district court may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 n.2 (9th Cir. 1997)

---

[2]  The authority cited by Plaintiffs in an effort to establish standing relates to constitutional standing, not standing pursuant to TILA.  (*See* Opp. to MTD at 1-2.)

1  (citing 28 U.S.C. § 1367(c)); *see also Copeland*, 2010 WL 2817179, at \*6.  Given that the Court

2  has already dismissed the federal cause of action giving rise to this Court's original jurisdiction for

3  lack of standing, the Court declines to exercise supplemental jurisdiction over the remaining state

4  law claims and therefore **DISMISSES** the second, third, and fourth causes of action.

5  **CONCLUSION**

6          For those reasons, the Court **GRANTS** Defendant's motion to dismiss the First Amended

7  Complaint in its entirety.  Because Plaintiffs lack standing to assert a cause of action for violation

8  of the Truth in Lending Act, and this Act serves as the basis for this Court's original jurisdiction,

9  the action is **DISMISSED WITH PREJUDICE.**  The Clerk shall close the file.

10

11  **IT IS SO ORDERED.**

12

13  DATED:  August 30, 2010

14                                    Honorable Janis L. Sammartino
                                      United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28